IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KEVIN CLANTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 15-CV-124-NJR-PMF |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Kevin Clanton filed this lawsuit against the United States under the Federal Tort Claims Act, alleging that his medical providers at the Southern Illinois Healthcare Foundation were negligent in diagnosing and treating his high blood pressure. He further alleges that his uncontrolled and unmanaged hypertension led to chronic kidney disease, and ultimately kidney failure, requiring hemodialysis and a kidney transplant.

This matter is currently before the Court on the Motion *in Limine* filed by Plaintiff asking the Court to prevent the United States from offering evidence, or even referencing, that Plaintiff's past and future medical expenses were (or will be) covered by Medicare (Doc. 54). Plaintiff claims that the Medicare payments for his medical expenses are collateral source payments and, therefore, under the collateral source rule, the United States is prohibited from introducing any evidence that part of Plaintiff's losses were covered by Medicare, and the Medicare payments cannot be used to limit his damages in any manner (Doc. 54).

## APPLICABLE LAW

In a case brought under the Federal Tort Claims Act, the law of the state in which the incident in question occurred governs the substantive issues, including damages. 28 U.S.C. § 1346(b)(1) (the United States is liable for the torts of its employees "if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."); *Gil v. Reed*, 535 F.3d 551, 558 n.2 (7th Cir. 2008) ("In FTCA cases, state law applies to substantive questions and federal rules govern procedural matters."); *Arpin v. United States*, 521 F.3d 769, 776 (7th Cir. 2008) ("[I]n a suit under the Federal Tort Claims Act . . . the damages rules of the state whose law governs the substantive issues in the case bind the federal court; damages law is substantive law."); *Davis v. United States*, 375 F.3d 590, 592 (7th Cir. 2004) ("Under the Federal Tort Claims Act . . . the nature and measure of damages are assessed according to state law."). Here, the alleged negligence occurred in Illinois, and therefore Illinois' damage rules apply.

Illinois recognizes the collateral source rule, which provides that the amount of damages to which a plaintiff is entitled from a tortfeasor will not be decreased by benefits the plaintiff received "from a source wholly independent of, and collateral to, the tortfeasor." *Wills v. Foster*, 892 N.E.2d 1018, 1022 (Ill. 2008) (citing *Arthur v. Catour*, 803 N.E.2d 647, 649 (Ill. App. Ct. 2004)). Put differently, "[p]ayments made to or benefits conferred on the [plaintiff] from other sources are not credited against the tortfeasor's liability, although they cover all or a part of the harm for which the tortfeasor is liable." *Wills*, 892 N.E.2d at 1022 (citing RESTATEMENT (SECOND) OF TORTS § 920A(2), at p.

513 (1979)). As a substantive rule of damages, the collateral source rule "bars [the] defendant from reducing the plaintiff's compensatory award by the amount the plaintiff received from the collateral source." *Wills*, 892 N.E.2d at 1023 (citation and internal quotation marks omitted). As a rule of evidence, the collateral source rule "prevents [the] defendant from introducing any evidence that all or part of a plaintiff's losses have been covered by insurance." *Wills*, 892 N.E.2d at 1023 (citation omitted).

## DISCUSSION

Plaintiff was diagnosed with end stage renal disease ("ESRD") and received hemodialysis treatments as well as a kidney transplant in late 2015 (Doc. 65). In the future, Plaintiff will require additional hemodialysis and may also require additional transplant surgeries (Doc. 65). The cost of Plaintiff's past treatments for ESRD was covered by Medicare, and it is expected that most of Plaintiff's future treatments will also be covered by Medicare (Doc. 65).[1] These Medicare benefits were (or will be) paid for by the federal government. And any recovery that Plaintiff may obtain in this case, including the reasonable value of past and future medical expenses, also will be paid for by the federal government. Thus, at first blush, it appears that the federal government will have to pay in tort for medical expenses that it already paid through Medicare, and Plaintiff will recover twice. However, that is not actually the case.

"[T]here is no double recovery as long as plaintiff has contributed to the original source of the payments received" and is thus "entitled to the payments irrespective of the damages award." *Laird v. Illinois Cent. Gulf R. Co.*, 566 N.E.2d 944, 955 (Ill. App. Ct.

---

[1] The Court was unable to definitively determine from the parties' submissions whether Plaintiff's past medical expenses were covered by Medicare Part A or Part B (*see* Docs. 54, 65, 66, 67, 69). It is clear to the Court, however, that payments under both Part A and Part B are at issue here.

1991); *Molzof v. United States*, 6 F.3d 461, 466 (7th Cir. 1993) (internal citation omitted). Based on this principle, courts have long held that state collateral source rules apply against the Government in FTCA cases when the payments at issue were Medicare payments and the plaintiff contributed to the funding of their Medicare-covered services. *See Molzof*, 6 F.3d at 466. *See also Manko v. United States*, 830 F.2d 831, 837 (8th Cir. 1987) (holding that Medicare program was a collateral source under Missouri law, and therefore damages should not be reduced by the amount of Medicare Part A or Part B benefits, because plaintiff paid Social Security taxes while he was employed and Medicare premiums were withheld from his Social Security retirement benefits); *Berg v. United States*, 806 F.2d 978, 985 (10th Cir. 1986) (holding that because plaintiff paid Social Security taxes while he was employed, the Medicare benefits he received were properly characterized as a collateral source payment under Colorado law); *Titchnell v. United States*, 681 F.2d 165, 176 (3d Cir. 1982) (holding that Pennsylvania's collateral source rule applied to Medicare payments because plaintiff contributed to Medicare Part A and Part B, and therefore the trial court properly refused to deduct those payments from the FTCA damage award); *but see Overton v. United States*, 619 F.2d 1299, 1308 (8th Cir. 1980) (Missouri's collateral source rule did not apply to Medicare payments because plaintiff made no contribution to Medicare Part A, and therefore, the Medicare benefits plaintiff received should have been deducted from the FTCA damage award); *Wills v. Foster*, 892 N.E.2d 1018, (Ill. 2008) (assuming that Medicare and Medicaid payments are collateral source payments and holding that a plaintiff is entitled to recover entire amount of his billed medical expenses even if Medicare/Medicaid negotiated and paid a lesser

amount).

Thus the question for the Court is whether Plaintiff contributed to the Medicare benefits that he received. In order to answer this question, an understanding of the Medicare program and how it is financed is required.[2] Medicare is the federal health insurance program for people that are 65 years of age or older and people under 65 with certain disabilities or ESRD. There are four different parts of Medicare, but only Part A and Part B are relevant here. Medicare Part A is referred to as hospital insurance, and it covers inpatient hospital services, post-hospital extended care services, and hospice care. Part A services are paid from the Hospital Insurance trust fund, which is maintained by the United States Treasury and funded primarily through a compulsory payroll tax paid by employers, employees, and the self-employed. Medicare Part B provides supplemental medical insurance, and it covers services such as physician visits, durable medical equipment, preventative services, and diagnostic tests. Part B services are paid from the Supplementary Medical Insurance trust fund, which is also maintained by the United States Treasury and funded primarily through general tax revenues and monthly premiums paid by individuals enrolled in Part B.

The evidence submitted to the Court shows that Plaintiff paid compulsory Medicare taxes during the time he was employed (*see* Doc. 54-1). Thus it is clear that he contributed to Medicare Part A. The evidence also shows that after Plaintiff stopped working and started receiving Social Security Disability Insurance benefits, Medicare

---

[2] All information in this paragraph is taken from the website MEDICARE.GOV. *What's Medicare*, https://www.medicare.gov/sign-up-change-plans/decide-how-to-get-medicare/whats-medicare/what-is-medicare.html (last visited Aug. 3, 2016); *How is Medicare Funded*, https://www.medicare.gov/about-us/how-medicare-is-funded/medicare-funding.html (last visited August 2, 2016).

premiums were deducted from his monthly social security check (Doc. 66-2; Doc. 67-1). Thus he contributed to Medicare Part B. Because Plaintiff contributed to Medicare and was enrolled in the program, the Government became obligated to pay for his medical expenses covered by Medicare regardless of Government's liability under the FTCA. If Plaintiff had never filed his FTCA claim, or if he were to dismiss or lose this case, the Government would still have an obligation to pay Plaintiff's Medicare benefits. Accordingly, the Court concludes that Plaintiff's Medicare benefits are collateral source payments, and the United States is prohibited from introducing any evidence that any of Plaintiff's past or future medical expenses were (or will be) covered by Medicare. The Government makes a number of arguments in an attempt to avoid this conclusion (*see* Docs. 65, 67), but in the Court's view, those arguments are meritless and warrant no discussion.

## CONCLUSION

Plaintiff Kevin Clanton's Motion *in Limine* Regarding Collateral Source Payments by Medicare (Doc. 54) is **GRANTED**.

**IT IS SO ORDERED.**

**DATED: August 3, 2016**

*Nancy J. Rosenstengel*
_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**