IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEVIN CLANTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil No. 15-124-NJR-RJD |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

### UNITED STATES' REPLY

Pursuant to Local Rule 7.1, the United States files this reply to Plaintiff's response to the United States' motion for reconsideration to address Plaintiff's mischaracterizations of the applicable statutes, precedents, and principles.

**1.** Plaintiff agrees that Seventh Circuit precedent requires this Court to explain its reasoning for the damages awarded, connecting the evidence to the award and using awards in comparable cases as a reference. Doc. 160 at 2-3. The United States adds that this obligation is heightened given that there is a "justified public concern with extravagant tort awards," *see Kwasny v. United States*, 823 F.2d 194, 197 (7th Cir. 1987), and because judges "must not be casual with other people's money." *Avitia v. Metropolitan Club of Chicago, Inc.*, 49 F.3d 1219, 1229 (7th Cir. 1995).

But Plaintiff's reliance on *Arpin v. United States*, 521 F.3d 769 (7th Cir. 2008), to claim that a non-economic *personal injury* award is reasonable provided it falls within some composite ratio is misplaced. *Arpin* at most suggested, in *dictum*, that a court might use ratios as a starting point for evaluating the reasonableness of loss of consortium damages in *wrongful death* actions, where the damages are more concrete owing to the decedent's death. *See Arpin*, 521 F.3d at 777. But in many personal injury suits, like this one, future medical expenses are anything but concrete.

Future medical losses in personal injury suits depend on guesswork about life expectancy, future needs, and volatile cost estimates. A ratio approach to damages in personal injury suits would incentivize exorbitant life-care plans to artificially create the appearance of reasonable ratios between economic and non-economic damages without analyzing whether the awards themselves bear a reasonable relation to the specific circumstances of the case or the awards in similar cases.

*Arpin*, moreover, suggested that any such ratio must be calculated solely on the basis of awards *upheld on appeal*. *Id.* Plaintiff has included no data points meeting that test. Indeed, many of Plaintiff's "comparables" are no more than large verdicts that may have resulted in confidential settlements without ever having been subject to judicial scrutiny of any kind, rendering them useless at worst, unpersuasive at best. *Cf. Bravo v. United States*, 532 F.3d 1154, 1166-67, n.8 (11th Cir. 2008) (explaining why many verdicts are never tested on appeal, rendering those verdicts unhelpful in ascertaining the reasonableness of the award).

Comparing awards in different cases requires a qualitative assessment of both the injury and its impact. But that is precisely what makes the award in this case so troubling. Until this Court's interlocutory ruling, *Mamea v. United States* was the largest FTCA award for a plaintiff whose kidneys failed as a result of alleged medical malpractice, requiring life-long dialysis. A more suitable comparison is difficult to imagine. Plaintiff in *Mamea* was awarded $1.25 million in non-economic losses where she was brought to the brink of suicide and faced continued, life-long dialysis, with a resulting loss of twenty to thirty years of life with her family.

Plaintiff here testified that, with the benefit of his new kidneys, he is doing well, and his life has largely returned to normal. This Court found a reduced life expectancy of only three years. Confronted with the same injury, but a better overall prognosis than in *Mamea*, this Court awarded $13.75 million in non-economic losses. Plaintiff nowhere acknowledges the discrepancy between

2

the award in this case and *Mamea*. Plaintiff's damages in this FTCA action far and away exceed, by more than a factor of 10, the next highest award on the most similar facts and circumstances.

**2.** Next, Plaintiff refuses to acknowledge the numerous FTCA decisions, including those from the United States Supreme Court, holding that federal benefits paid from general revenues are not, as a matter of federal law, collateral to the United States when a plaintiff seeks a judgment in an FTCA action for the same injury. That Plaintiff contributed is beside the point; the United States is claiming only its pro-rata contribution from general revenues, the source of an FTCA judgment.

Plaintiff also resorts to the trope that Medicare payments are too speculative to warrant an off-set for his future dialysis needs, or that granting the United States an off-set is tantamount to coercing him to seek treatment only from Medicare-approved providers. The availability of Medicare benefits through the ESRD program is, in reality, less speculative than Plaintiff's claim to future medical needs or the finding that he will live to 70.[1] The Medicare ESRD program has been in place for several decades and successful in achieving its desired ends. The "uncertainty here is no greater than that involved in many other matters affecting damages in personal injury cases; and the trial court must deal with it as it deals with other uncertainties by using its best judgment after all the facts and circumstances of the case have been taken into consideration." *United States v. Brooks*, 176 F.2d 482, 484 (4th Cir. 1949). While Plaintiff may be right that the

---

[1] Plaintiff's claim that his transplanted kidneys will require replacement in 10 years, for example, is based on averages that may not apply to Plaintiff. Some transplanted kidneys last much longer than 10 years. And surely no one knows for certain how long Plaintiff will continue to live. If Plaintiff's position is that Medicare's ESRD program is too speculative to warrant an off-set, then his asserted future medical needs are just as speculative, and he is entitled to no damages, rendering the United States' claimed off-set moot.

Government is demanding an off-set for "payments Medicare may never make," it is equally true that the Government is demanding an off-set for payments Plaintiff may never need.

Plaintiff also argues that an off-set deprives him of his choice of medical provider. But Plaintiff, his experts, and his wife uniformly testified that Plaintiff's dialysis needs, if and when they become needed, will be met in-home. Medicare Part B covers in-home dialysis, and the Government's off-set is based on record evidence of Plaintiff's past dialysis treatments from out-patient Medicare providers and his ability to now perform that dialysis at home. Plaintiff's argument for choice of provider is directly contrary to the evidence that he put before this Court. If Plaintiff deliberately refuses Medicare's ESRD benefits that substantially defray the costs of in-home dialysis and out-patient treatment, he is refusing to mitigate his damages.

**3.** Finally, Plaintiff's claim that the Government is trying to "dupe" this Court is nonsense. True, the FTCA's limited waiver of sovereign immunity precludes this Court from entering a judgment or order that purports to require the Government to pay a judgment periodically into the future.[2] *See Askew v. United States*, 786 F.3d 1091, 1093 (8th Cir. 2015). The FTCA instead requires district courts to "approximate" the remedy contemplated under state periodic payment statutes, when necessary, usually through a mechanism that resembles a trust. *Id.* at 1093-94.

But here, no such approximation is required. The Illinois statute plainly states that a defendant satisfies its judgment obligation by posting security in an amount equal to the equivalent lump-sum value of the total judgment. A private defendant under the Illinois statute can *prima facie* satisfy its judgment by paying an amount equal to the equivalent lump-sum value of the total

---

[2] It is for this reason that the United States cannot, as Plaintiff claims, purchase an annuity to satisfy the *judgment*. To purchase an annuity, the payments must be fixed and ascertainable. Thus, this Court would have to enter an order purporting to obligate the United States to make periodic payments before it could explore annuity options. That order would be void the moment it is entered.

judgment into an account for disbursement according to the Court's direction. Plaintiff's real complaint is that the statute, as written, requires application of a discount rate that he deems "unrealistic." Plaintiff's argument is that this Court must disregard the statute as written. But this Court has already ruled that the parties are "obligated to follow all of the rules set forth" in the provisions of the Illinois statute. Doc. 150 at 54. Plaintiff can no more "pick and choose which rules [he] follows" than the Government can. *Id.*

To Plaintiff's argument that any security posted in accordance with the statute's plain dictates is *de facto* inadequate, and that this Court should therefore disapprove the security, the Illinois statute addresses that too. First, a Plaintiff might waive the security requirement and request that the Court enter a judgment for the present award and order the balance paid periodically. This, the FTCA forbids. *Askew*, 783 F.3d at 1093. But the Illinois statute alternatively provides that Plaintiff receive a lump-sum judgment that is the sum of the present award and the future award, reduced to its equivalent lump-sum value under the statute.[3] This remedy comports with the FTCA, so no approximation is required.[4]

Whether by posting an approved security into an account, or whether paid to Plaintiff immediately, the Government's judgment obligation under the Illinois statute, like that of a private defendant, can be no more than the equivalent lump-sum value of the total judgment. The United States can be treated no differently than a similarly-situated private defendant. *Carter v. United States*, 982 F.2d 1141, 1144 (7th Cir. 1992). That is not a dupe; it's the law.

---

[3] 735 Ill. Comp. Stat. 5/2-1708(10)(B); *see also Bernier v. Burris*, 497 N.E.2d 763, 774 (Ill. 1986) ("in an appropriate case" a lump-sum judgment may be paid in accordance with § 1708(10)).

[4] While Plaintiff prematurely attached his proposed worksheet, the United States, per this Court's order, will not do so until the Court has ruled upon the motion for reconsideration and reset the deadline for doing so. We note, however, that Plaintiff's worksheet incorrectly computes attorney's fees, which would result in a criminal violation under 28 U.S.C. § 2678.

Dated: December 13, 2017

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General
Civil Division

DONALD S. BOYCE
United States Attorney
Southern District of Illinois

JAMES G. TOUHEY, Jr.
Director, Torts Branch
Civil Division

**/s/ *Laura J. Jones***
LAURA J. JONES
Assistant United States Attorney
Southern District of Illinois
9 Executive Drive
Fairview Heights, IL  62208
Phone:  618-628-3700
Fax:      618-622-3810
E-Mail:  Laura.Jones@usdoj.gov

**/s/ *Conor Kells***
CONOR KELLS
Senior Trial Counsel
Torts Branch, Civil Division
United States Department of Justice
Post Office Box 888, Ben Franklin Station
Washington, D.C.  20044
Phone:  202-616-4400
Fax:      202-616-5200
E-Mail: Conor.Kells@usdoj.gov

*Counsel for the United States of America*

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 13, 2017, a true and correct copy of the foregoing document and the notice of electronic filing were sent by United States mail to the following participants:

Stephen J. Telken; stelken@schoenwalton.com
Troy E. Walton; twalton@waltontelken.com
Michael B. Marker; mmarker@waltontelken.com

                                                            **/s/ *Laura J. Jones***
                                                            LAURA J. JONES
                                                            Assistant United States Attorney
                                                           United States Attorney's Office
                                                           Southern District of Illinois
                                                           9 Executive Drive
                                                           Fairview Heights, IL  62208
                                                           Phone:   618-628-3700
                                                           Fax:     618-622-3810
                                                           E-Mail:  Laura.Jones@usdoj.gov

                                                           *Counsel for the United States of America*